MILLER & PAINE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 94968. Promulgated August 20, 1940.

*H. A. Mihills, C. P. A.*, for the petitioner.
*Angus R. Shannon, Jr., Esq.*, for the respondent.

588

592

OPINION.

BLACK: As we understand the contention of petitioner, it is in substance that the transfer of stock in the New Jersey corporation for stock in the New York corporation was one in which no gain or loss was recognized because it was one which falls squarely within the provisions of section 112 (b) (3) of the Revenue Act of 1934, which reads:

(3) STOCK FOR STOCK ON REORGANIZATION.—No gain or loss shall be recognized if stock or securities in a corporation a party to a reorganization are, in pursuance of the plan of reorganization, exchanged solely for stock or securities in such corporation or in another corporation a party to the reorganization.

Petitioner further contends that the receipt by the creditors of the New Jersey corporation, petitioner being one of them, of stock in the New York corporation in exchange for the notes which these creditors held against the New Jersey corporation was a separate transaction and was not an exchange of property for stock within the meaning of section 112 (b) (5), but was simply a paying off by

the New York company of indebtedness which it had assumed of the New Jersey corporation, and that, inasmuch as only $10 was paid for each $100 indebtedness the balance of the debt was worthless, and petitioner had the right to charge off during the taxable year $25,650 of the indebtedness of the New Jersey corporation to petitioner, which it did not collect and to deduct it in determining net income.

Among other authorities which petitioner cites in support of its contention are *Hale* v. *Helvering*, 85 Fed. (2d) 819, affirming 32 B. T. A. 356, and *Bingham* v. *Commissioner*, 105 Fed. (2d) 971. We think these authorities do not support petitioner's contention. In the *Hale* case there was a compromise by the creditor of his debt for less than face value and the court held that this action of the creditor in accepting in cash a lesser amount than the full face value of his note was not a "sale or exchange" of his note, so as to bring the loss suffered by the creditor within the capital loss provisions of the statute. To somewhat the same effect is the *Bingham* case above cited.

If there had been a paying off of petitioner's debt in cash at 10 cents on the dollar, doubtless petitioner would be correct in its contentions under the authorities cited. It should be remembered, however, that section 112 (b) (5), upon which the Commissioner relies in this proceeding, does not deal with the paying off of debts in cash. It deals with the "transfer to corporation controlled by transferor." In other words, it deals with a situation where the transferor instead of receiving cash retains an interest through stock ownership in the property which he has transferred. If that interest amounts to a control by the transferors of the transferee corporation as control is defined in the statute, then no gain or loss is to be recognized, assuming that the other conditions provided in the statute are met.

In the instant case there can be no question but that the creditors of the New Jersey corporation, including petitioner, transferred their notes against that corporation to the New York corporation and received in exchange therefor solely stock in the New York corporation. In other words, they did not receive payment of their debts, but exchanged their debts for a continuing interest in the new corporation. This is the sort of transaction where no gain or loss is recognized, provided the conditions required by section 112 (b) (5) of the Revenue Act of 1934 are met. Cf. *Rockford Brick & Tile Co.*, 31 B. T. A. 537.

While petitioner firmly contends that section 112 (b) (5) is not applicable and that the facts simply show the compromise of a debt at less than face value and therefore *Hale* v. *Helvering*, *supra*, and *Bingham* v. *Commissioner*, *supra*, govern, nevertheless petitioner

contends that, even if section 112 (b) (5) is held to be applicable, the conditions which it prescribes are not met with in the instant case. Petitioner points out that 112 (b) (5) requires that "in the case of an exchange by two or more persons this paragraph shall apply only if the amount of the stock and securities received by each is substantially in proportion to his interest in the property prior to the exchange." Certainly in the instant case each of the creditors fared the same. Each was given one share of stock in the New York corporation of the par value of $10 for each $100 of his indebtedness. But, says petitioner, the 352 shares of stock of $10 par value in the new corporation which the stockholders of the old corporation received in exchange for their 1,375 shares of $100 par value must be considered in determining whether all who transferred their property to the New York corporation received stock of the new corporation in proportion to their interests in the property prior to the exchange. We agree with petitioner that this 352 shares of stock must be considered, but we do not agree with petitioner that there is anything in the facts which shows that these stockholders fared any better or any worse in the exchange than the creditors who exchanged their notes for stock. Petitioner in its argument points out that the noteholders exchanged $100 of indebtedness for $10 par value of stock, whereas each stockholder exchanged four shares of $100 par value in the New Jersey corporation for $10 par value of stock in the New York corporation. Petitioner cites, in support of its contention that there is a substantial disparity in this treatment, *United Carbon Co.* v. *Commissioner*, 90 Fed. (2d) 43.

Petitioner, in making its comparison to show disparity in the proportions of the stock received by the old stockholders and the creditors, uses cost basis of the property. It assumes that each share of stock costs $100, its par value, and that each $100 of indebtedness costs $100. Even if we assume that the record which we have before us shows these respective costs, which it does not, we point out that it is not the cost of property which is transferred to a transferee corporation in exchange for its stock that determines whether or not section 112 (b) (5) is applicable. It is the value of the property at the time it is transferred to the corporation which is used in the comparison to determine whether or not each transferor has substantially received his correct proportion of stock. Cost of the assets transferred is not material in making that comparison. Value at the time of transfer is the important thing. An examination of *United Carbon Co.* v. *Commissioner, supra*, upon which petitioner relies, will show that the court reached its decision that section 112 (b) (5) did not control by comparing the values of the respective properties at the time of transfer with the values of the shares

of stock in United Carbon Co. which each transferor received. The court, after making this comparison, reached the conclusion that there was a very substantial disparity as to the proportions received by the several transferors and therefore section 112 (b) (5) was not controlling. Cf. *Gladstone Corporation*, 37 B. T. A. 174; *Commissioner* v. *Lincoln-Boyle Ice Co.*, 93 Fed. (2d) 26.

In the instant case we have no evidence whatever as to the value of the notes of the New Jersey corporation at the time they were transferred to the New York corporation. Likewise we have no evidence as to the value of the shares of stock of the New Jersey corporation which were transferred to the New York corporation. In the absence of such evidence we can only presume that each $100 of indebtedness at the time of transfer had a value of $10 when it was exchanged for a share of stock in the New York corporation having a fair market value of $10. Likewise we can only presume that each four shares of stock in the New Jersey corporation had a fair market value of $10 when they were exchanged for shares of the New York corporation on a basis of four shares of the New Jersey corporation for one share of the New York corporation of a fair market value of $10. If that be true, and in the absence of evidence as to value we have no right to assume that it is not true, then the proportion of stock in the new corporation which each transferor received was substantially the same proportion as the value of the property which he transferred to the new corporation. Certainly no one can successfully contend that the transferors of the property were not in control of the corporation after the transfers were made. They owned 100 percent of the stock of the New York corporation. It seems to us that the only possible contention as to why section 112 (b) (5) does not control would be that the respective transferors did not receive stock in the new corporation which was substantially in proportion to the interest which they each owned in the property at the time it was transferred to the new corporation. As we have already pointed out, we think there is no evidence in the record from which we can conclude that the interests were not substantially proportionate.

Therefore, we think section 112 (b) (5) is controlling. Cf. *Snowden* v. *McCabe*, 111 Fed. (2d) 743. Petitioner can not be allowed the loss in 1934 which it claims. It will have to take its loss in the year 1936, when it sold the stock in the New York corporation at $10 per share. Respondent is sustained.

*Decision will be entered for respondent.*